# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

|   |   |   |
|---|---|---|
| Central Mutual Insurance Company, | ) | C/A No. 2:20-cv-3559 |
|  | ) |  |
|  | ) | **ORDER AND OPINION** |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| Royal Homes of S.C. Inc. *et a.*, | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

Before the Court is Plaintiff, Central Mutual Insurance Company's motion for reconsideration. (Dkt. No. 32). The motion is denied.

On July 6, 2021, Defendants Royal Homes of S.C., Inc. a/k/a Royal Homes of South Carolina a/k/a Royal Homes of South Carolina, Inc. and Claude "Jim" Gallagher, (collectively referred to as "Royal Homes Defendants") filed a motion to stay this case until December 21, 2021, in the hopes that a parallel state court action may be resolved through settlement. (Dkt. No. 27). Counsel for all parties consented to the motion to stay. (*Id.*).

On July 14, 2021, the Court held a telephonic status conference to discuss the motion to stay. All parties were represented by counsel. During the status conference, counsel explained that the underlying state court action has been pending since 2016 and Defendants Royal Homes and Claude "Jim" Gallagher were not named as Defendants in the state court action until 2019. Counsel explained the instant declaratory judgment was filed in 2020 when a new adjustor was assigned to the file and directed to initiate this action.

On that same day, the Court entered an Order finding that the instant declaratory judgment action does not present particularly time sensitive issues, but produces a multitude of litigation that generates time and cost burdens on the litigants in the state court. (Dkt. No. 30). Under these circumstances, the Court declined to exercise jurisdiction over the declaratory judgment action and dismissed the action without prejudice with leave to restore within sixty days of the completion of the parallel state court action. (*Id.*). On July 23, 2021, Plaintiff moved for the Court to reconsider its Order dismissing the case without prejudice. (DKt. No. 32).

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to move to alter or amend a judgment within twenty-eight days of the judgment's entry. Fed. R. Civ. P. 59(e). "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, the Court may reconsider its prior order only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. Int'l Chm. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994) (internal quotation marks omitted). However, "[a] Rule 59(e) motion should not be used as an opportunity to rehash issues already ruled upon because a litigant is displeased with the result." *Cooper v. Spartanburg Sch. Dist. Seven*, No. 7:13-CV-00991-JMC, 2016 WL 7474380, at *2 (D.S.C. Dec. 29, 2016), *aff'd sub nom. Cooper v. Spartanburg Cty. Sch. Dist. No 7*, 693 F. App'x 218 (4th Cir. 2017) (citations omitted).

Plaintiff has not identified any change in controlling law or any new evidence not previously available. Instead, Plaintiff argues that granting the motion for reconsideration would prevent manifest injustice. (Dkt. No. 32 at 10). The ruling that denied Defendants' motion to stay and dismissed the case without prejudice with leave to restore within sixty days after the

completion of the parallel state court action is not manifestly unjust. Accordingly, there is no basis to reconsider the Court's Order denying the motion to stay and dismissing the case without prejudice with leave to restore within sixty days of the completion of the parallel state court action. (Dkt. No. 30).

The Court **DENIES** Plaintiff's motion for reconsideration. (Dkt. No. 32).

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel  
Richard M. Gergel  
United States District Judge

July 30, 2021  
Charleston, South Carolina